UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE JACKSON,<br><br>Defendant. | CASE NO. 1:25-CR-83-HAB-ALT |

### OPINION AND ORDER

This matter is before the Court on the Government's Motion to Continue Pretrial Motions Deadline, Plea Deadlines, Final Pretrial Conference, and Jury Trial filed on February 2, 2026. [ECF No. 20]. The four (4) day jury trial in this matter is currently scheduled to begin on March 3, 2026, and a final pretrial conference is set for February 17, 2026. The Government requests a continuance of the trial-related dates for two reasons: First, to allow the Defendant reasonable time to obtain counsel. On January 9, 2026, Defendant's current counsel filed a motion to withdraw, which the Court took under advisement, pending appearance of new counsel, following a January 22, 2026 hearing; to date, no new counsel has entered an appearance and the motion remains pending. Second, the Government recently replaced its counsel on January 30, 2026, and new counsel needs a reasonable amount of time for effective preparation for trial. The Government anticipates that a continuance of the trial date for thirty (30) days would resolve these issues. The Government's motion does not indicate whether the Defendant objects or consents to the continuance.

The Speedy Trial Act requires that, "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Government's need for continuity of counsel and adequate preparation time, as well as the Defendant's need for reasonable time to obtain counsel, are all valid reasons for a continuance and for excluding any delay from the Speedy Trial Calculation. *See United States v. Wasson*, 679 F.3d 938 (7th Cir. 2012) (continuity of government counsel and parties' need to prepare adequately for trial warrant speedy trial continuance); *United States v. Sellers*, 645 F.3d 830, 839 (7th Cir. 2011) (accommodating new defense counsel may be valid reason to grant a continuance).

Having reviewed the Government's motion and the applicable law, the Court finds that the Government has capably established a basis for a continuance. The Court finds that the ends of justice served by granting this Motion outweigh the public's and the Defendant's in a speedy trial, particularly because a failure to grant such a continuance would both deny the Defendant reasonable time to obtain counsel as well as fail to provide the Government adequate time to prepare for trial. 18 U.S.C. § 3161(h)(7)(B)(iv).

The Court, being duly advised, GRANTS the Government's Motion to Continue [ECF No. 20]. All trial-related deadlines and hearing dates are VACATED. The final pretrial conference is RESET to March 31, 2026 at 1:00 PM before Chief Judge Holly A. Brady. Counsel only to appear. The four (4) day jury trial is RESET to begin on April 14, 2026 at 10:00 AM before Chief Judge Holly A. Brady. Any reports required under FRCP 16(a)(1)(G) must be exchanged on or before March 31, 2026. The deadline for parties to file a plea agreement is March 24, 2026. The deadline

to file a plea without a plea agreement is March 17, 2026. The deadline for parties to file pretrial motions or a motion to continue trial-related deadlines is March 17, 2026. A defense motion must include the appropriate reference to the Speedy Trial Act, the proposed length of any requested continuance, the position of the Government, and an indication of agreement by the Defendant and the position of Co-Defendants, if any. Any new motion to continue this trial must include the appropriate reference to the Speedy Trial Act, the proposed length of any requested continuance, the position of the Government, an indication of agreement by the Defendant and the position of Co-Defendants, if any. The period of delay resulting from this continuance is to be excluded under the terms of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A).

    **SO ORDERED** this 4th day of February 2026.

                                                   s/Holly A. Brady
                                                   CHIEF JUDGE HOLLY A. BRADY
                                                   UNITED STATES DISTRICT COURT